UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DEBORAH TURNER<br><br>    Plaintiff,<br><br>  vs.<br><br>USAA FEDERAL SAVINGS BANK;<br>ALLTRAN FINANCIAL, LP<br><br>    Defendants. | Case No.: 3:20-cv-03004-TLB<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.<br>2. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.<br>3. Intrusion Upon Seclusion<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Deborah Turner ("Plaintiff"), by and through her attorney, alleges the following against Defendant USAA Federal Savings Bank ("USAA"), and Alltran Financial, LP ("Alltran"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or

prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices.

3. Count III of Plaintiff's Complaint is based upon Invasion of Privacy – Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts which prohibits an intentional intrusion upon the solitude or seclusion of another.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 47 U.S.C. § 227.

5. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Arkansas and Defendants USAA and Alltran are citizens of Texas) and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Because Defendants transacts business here, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Oak Grove, Carroll County, Arkansas.

9. Defendant USAA is a banking institution engaged in the business of giving credit and collecting debt, with its principal place of business located in San Antonio, Texas. Defendant can be served with process through CSC Services of Nevada, Inc. at 2215-B Renaissance Dr., Las Vegas, Nevada 89119.

10. Defendant Alltran is a debt collector headquartered at 5800 N Course Dr, Houston, Texas 77072 and can be served at CT Corporation System at 124 W Capitol Ave, Suite 1900, Little Rock, AR 72201. Defendant Alltran is a "debt collector" as defined by 15 U.S.C § 1692(a)(6).

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around December of 2018, Defendant USAA began placing phone calls to Plaintiff's cellular phone number, ending in 9517, to collect an alleged debt.

13. The calls mainly originated from (800) 531-0378, (800) 531-7013, and (870) 639-4149.

14. Upon information and belief these numbers are owned or operated by Defendant USAA.

15. On or around December 6, 2018, at approximately 8:54 a.m., Plaintiff answered a call from USAA from telephone number (800) 531-0378; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant USAA informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff informed USAA that she was having financial difficulties and instructed Defendant not to call her and to instead mail future correspondence.

18. USAA ignored Plaintiff's request and continued to call her regularly through February 2019, often multiple times per day.

19. Calls from USAA stopped for a few months after February 19, 2019.

20. However, in or around June 2019, Plaintiff began receiving calls from Defendant Alltran Financial, LLP ("Alltran"), who was attempting to collect the same alleged debt on behalf of USAA.

21. Alltran's calls originated from (870) 639-4149; even though Alltran is not located in the same town/state as Plaintiff, they used the same area code as Plaintiff's number to trick her into answering.

22. On or about June 6, 2019, Plaintiff answered a call from Alltran; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

23. On that call, Alltran stated it was attempting to collect a debt on behalf of USAA.

24. Plaintiff asked Alltran not to call her again, and to only contact her by mail.

25. Plaintiff's request was ignored, and Alltran continued to call Plaintiff regularly through September 2019.

26. Upon information and belief, approximately one hundred and fifty (150) calls were made by the Defendants to the Plaintiff's cellular phone after Plaintiff first requested not to be contacted.

27. Approximately fifty (50) of those calls were made by Defendant Alltran after Plaintiff's second request not to be called on her cellular phone.

28. Several times, Plaintiff answered calls from one of the numbers listed above, and heard a short pause and clicking noise, then hung up the phone.

29. Defendants consistently made collection calls to Plaintiff's personal cellular phone on or about the same time almost every day that Plaintiff was contacted which is evidence that Defendants use an ATDS.

30. Defendants often called Plaintiff multiple times on the same day into the late evening hours and on several weekends interrupting her personal time with her family.

31. Plaintiff is an elderly woman whose husband is a retired Navy veteran.

32. Plaintiff is a property tax appraiser for the county, and her personal mobile phone is also used by her for work.

33. Defendants called Plaintiff during work hours which caused Plaintiff extreme stress which in turn affected her work performance.

34. Defendants' conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

35. Defendants' conduct as described above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. As a result of Defendants' conduct, Plaintiff has sustained damages, including but not limited to emotional and mental pain and anguish.

## COUNT I
### Defendants USAA and Alltran
### (Violations of the TCPA, 47 U.S.C. § 227)

37. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

38. Defendants violated the TCPA.  Defendants' violations include, but are not limited to the following:

   a) Prior to the filing of the action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular   telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of the action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephones using an artificial prerecorded voice or an  automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

39. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant Alltran
### (Violations of the FDCPA, 15 U.S.C. § 1692)

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of the Complaint as though fully stated herein.

41. The FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

42. Defendant Alltran incessantly called Plaintiff despite the clear revocation of her consent.

43. The frequency of Defendant's phone calls is violative of the FDCPA on its own. However, Defendant's violations are more egregious given the number of times they called Plaintiff during work hours on her cellphone which is also her primary business phone.

44. Defendant's actions, as described above, were done willfully and intentionally.

45. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## COUNT III
### Defendants USAA and Alltran
### Invasion of Privacy
### (Intrusion Upon Seclusion)

46. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as though fully set forth herein.

47. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

- c) Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

- d) Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received multiple calls per day, including calls that interrupted Plaintiff's duties at her job.

- e) Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. Defendants repeatedly called Plaintiff an excessive amount over long periods of time, including multiple calls in a single day, and often during work hours, which would cause Plaintiff large amounts of stress and embarrassment.

49. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Deborah Turner, respectfully requests judgment be entered against Defendants, USAA Federal Savings Bank and Alltran Financial, LP, for the following:

    A. Declaratory judgment that Defendants USAA and Alltran violated the TCPA;

    B. Declaratory judgment that Defendant Alltran violated the FDCPA;

    C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    E. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    F. Actual and punitive damages from the invasion of privacy;

    G. Any pre-judgement and post judgment interest as may be allowed under the law; and

    H. Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

RESPECTFULLY SUBMITTED,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dated: January 8, 2020

By: */s/David A. Chami*
David A. Chami (AZ #027585)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Deborah Turner*